Estate of Hattie Bossak, By Esther B. Goldberg, Executrix v. Commissioner.
Estate of Hattie Bossak v. Commissioner
Docket No. 9964.
United States Tax Court
1947 Tax Ct. Memo LEXIS 202; 6 T.C.M. (CCH) 567; T.C.M. (RIA) 47139; May 26, 1947
*202 Elliot F. Glassberg, Esq., 60 E. 42nd St., New York 17, N. Y., for the petitioner. Clay C. Holmes, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $4,617.14 in estate tax. The only issue for decision is the value of 250 shares of stock of Lehet Realty Corporation. Findings of Fact Hattie Bossak died on December 26, 1941. The estate tax return was filed with the collector of internal revenue for the third district of New York. The decedent, at the time of her death, owned 250 shares of the common stock of Lehet Realty Corporation. The outstanding capital stock of that corporation on December 26, 1941 was 500 shares of common stock, each share having a par value of $100. The sole major asset of the corporation is and was a loft building known as 151-5 West 30th Street in the Borough of Manhattan, New York City. The only income of the corporation is and was derived from the operation and management of that property. The property is improved with a 12-story and basement store and open loft building in 1912. The property has a frontage of 75 feet on 30th Street and a depth of 98.9 feet. *203 The property was subject to a mortgage. The principal amount due on the mortgage on December 31, 1941 was $306,572.38. The fair market value of the assets of Lehet Realty Corporation on December 26, 1941, was less than the amount of its liabilities, not counting capital stock as a liability. The 250 shares of Lehet Realty Corporation stock were not given any value on the estate tax return. The Commissioner, in determining the deficiency, added $25,000 to the value of the gross estate, representing the value of those shares. He explained that this value was determined "after giving consideration to the corporation's net worth, earning power, and all other relevant factors having a bearing upon the value of the stock." The 250 shares of stock owned by the decedent had no value at the date of her death. The stipulation is incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner has conceded error in failing to allow a deduction of $85.00 for administration expenses and a deduction of $2,785.05 in connection with the care of the family burial plot of the decedent. The only issue for decision is - what was the value, if any, of 250 shares of the common *204 stock of Lehet Realty Corporation. The petitioner contends that the stock had no value at the date of the decedent's death. The corporation never at any time paid any dividends or officers' salaries. The corporation sustained net losses in 1936, 1937, 1938, and 1939. The total amount of those losses was about $20,970. Profits of about $2,800 and $4,400 were realized in 1940 and 1941. If a reasonable amount had been charged as officers' salaries, the net loss for the six-year period would have been substantially larger. The petitioner called a witness who had had experience appraising real estate in the vicinity of the property, He stated that, in his opinion, the value of the property was about $275,000 on December 26, 1941. A balance sheet for December 31, 1941, shows that the corporation had liabilities consisting of notes and accounts payable, accrued interest, and taxes in the total amount of $55,587.33, in addition to the mortgage. Its only asset at that time, aside from the real property, was accounts receivable in the amount of $2,548.80. The respondent called no witnesses. There was no evidence of sales of the stock and there was no direct evidence as to the value of the *205 stock. The evidence fairly preponderates in favor of the petitioner's contention that the 250 shares of stock owned by the decedent at the time of her death had no fair market value at that time. Decision will be entered under Rule 50.